# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF MARYLAND

| | |
|---|---|
| **KATHERINE MILLER,** | ) |
| Plaintiff, | ) Case No.: |
| v. | ) |
| **TRS RECOVERY SERVICES, INC.,** | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant. | ) |
| | ) **(Unlawful Debt Collections Practices)** |

## COMPLAINT

KATHERINE MILLER ("Plaintiff"), by and through her counsel, Kimmel & Silverman, P.C., alleges the following against TRS RECOVERY SERVICES, INC. ("Defendant"):

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United

States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of Maryland therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Hagerstown, Maryland 21742.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

8. Defendant is a corporation with its principal place of business located at 14141 Southwest Freeway, Sugar Land, Texas 77478.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Beginning in or around March 2016 and continuing through September 2016, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular telephone number, often calling her multiple times per day, in its attempts to collect an alleged debt that was incurred primarily for personal, family or household purposes.

11. Plaintiff told Defendant that she did not owe this debt and requested that Defendant stop calling her in or around late March 2016.

12. However, Defendant continued to call her.

13. Once Defendant was told the calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

14. Further, any continued calls between April 2016 and September 2016 could only have been made for the purpose of harassing Plaintiff as Defendant knew the calls were unwanted.

15. These repeated calls were particularly frustrating for Plaintiff to endure as they often occurred during inconvenient times such as during work hours or during mealtimes.

16. Finally, after Defendant ignored her request for calls to cease and in order to stop the calls, Plaintiff downloaded an application to her cellular telephone to block Defendant's calls.

## COUNT I
### DEFENDANT VIOLATED §1692d and d(5) OF THE FDCPA

17. A debt collector violates §1692 (d) of the FDCPA by engaging in conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt.

18. A debt collector violates §1692 (d)(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

19. Defendant violated §§1692d and d(5) when it placed repeated harassing telephone calls to Plaintiff knowing its calls were unwanted.

WHEREFORE, Plaintiff, KATHERINE MILLER, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

    d.  All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    e.  Any other relief deemed fair and proper by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KATHERINE MILLER, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

Date: March 29, 2017

By: /s/ Amy L. Bennecoff
Amy L. Bennecoff
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: abennecoff@creditlaw.com

- 5 -

PLAINTIFF'S COMPLAINT